Raymond M. Norris (No. 006466)
Lincoln Combs (No. 025080)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
ray.norris@gknet.com
lincoln.combs@gknet.com

Attorneys for Plaintiff

UNITIED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Renae Roberson, a single woman, and Laurence Turner, a single man, on behalf of themselves as surviving parents of Jaiden Dean Turner and on behalf of all those entitled to recover for the death of Jaiden Dean Turner,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Newell Rubbermaid Inc., a Delaware Corporation; Graco Children's Products, Inc., a Delaware corporation; Felipe De Jesus Sauceda and Jane Doe De Jesus Sauceda, dba Obson Auto Repair, a privately held Arizona Company; John Doe Arnenta and Jane Doe Arnenta, husband and wife; BLACK CORPORATIONS and WHITE CORPORATIONS I through X;<br><br>　　　　Defendants. | Case No.  CV-14-00573-PHX-DKD<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Tort, Strict Product Liability, Negligence, Motor Vehicle, Wrongful Death) |

　　For their First Amended Complaint, Plaintiffs allege as follows:

1. Plaintiff Brittany Renae Roberson is a resident of Maricopa County, Arizona. Laurence Turner is a resident of San Diego, California. The events alleged in this Complaint occurred in La Paz County, Arizona. Brittany Renae Roberson and Laurence Turner are the parents of the decedent, Jaiden Dean Turner, who was born on May 2, 2011.

2. Newell Rubbermaid Inc. (hereinafter "Newell") is a foreign corporation, incorporated in the State of Delaware, authorized to do business and doing business in the State of Arizona. GRACO Children's Products, Inc. (hereinafter "GRACO") is a foreign corporation, incorporated in the State of Delaware, authorized to do business and doing business in the State of Arizona. GRACO is a wholly owned subsidiary of Newell. Newell and GRACO caused an event to occur in the State of Arizona.

3. FELIPE DE JESUS SAUCEDA and JANE DOE DE JESUS SAUCEDA, d.b.a. OBSON AUTO REPAIR (hereinafter "OBSON AUTO REPAIR") is a privately held company authorized to do business and doing business in Maricopa County, Arizona at 6046 W. Bethany Home Road, Glendale, Arizona.

4. JANE DOE DE JESUS SAUCEDA is the wife of FELIPE DE JESUS SAUCEDA. The true name of JANE DOE DE JESUS SAUCEDA is unknown to Plaintiffs. All of the acts of FELIPE DE JESUS SAUCEDA alleged in this Complaint were performed in furtherance of the interests of the marital community consisting of FELIPE DE JESUS SAUCEDA and JANE DOE DE JESUS SAUCEDA.

5. JOHN DOE ARNENTA and JANE DOE ARNENTA, husband and wife, are residents of Maricopa County, Arizona.

6. Upon information and belief, JOHN DOE ARNENTA was in 2011 an OBSON AUTO REPAIR mechanic. JOHN DOE ARNENTA'S full, true name is unknown to Plaintiffs at this time.

7. JANE DOE ARNENTA is the wife of JOHN DOE ARNENTA. The true names of JOHN DOE ARNENTA and JANE DOE ARNENTA are unknown to Plaintiffs. All of the acts of JANE DOE ARNENTA and JOHN DOE ARNENTA alleged in this Complaint were performed in furtherance of the interests of the marital community consisting of JANE DOE ARNENTA and JOHN DOE ARNENTA.

8. Black and White Corporations I through X are persons, partnerships, corporations or unincorporated associations subject to suit in a common name whose names are unknown to Plaintiff and who are, therefore, designated by fictitious names pursuant to Rule 10(f), Arizona Rules of Civil Procedure. Each of these Defendants negligently caused the death of Jaiden Dean Turner or is strictly liable for Jaiden Dean Turner's death as a result of designing, manufacturing and/or placing a defective product into the stream of commerce, or is otherwise legally responsible for causing the death of Jaiden Dean Turner. Black and White Corporations I through III are specifically identified as entities who designed, assembled, manufactured, tested, processed, engineered, inspected, maintained, repaired, serviced, distributed, sold and/or delivered component parts and/or the infant car seat which is alleged to be defective in this lawsuit. Each of these entities was in the business of doing all of these things first alleged in this paragraph with respect to the said component parts and infant car seat, including for the above purpose of selling, distributing, modifying, repairing and delivering said infant car seat to the general public for use. The component parts and infant car seat are the type of articles that are likely to put life and limb in peril, or be dangerous to life or limb, if negligently or improperly designed, assembled, manufactured or tested to the general public for use. In addition, Black and White Corporations IV through VI are franchisees, licensees, principals, partners or subsidiaries of the other named or unnamed Defendants, and, as such, are vicariously liable based upon the liability of said named or unnamed Defendants. All of the above Defendants have caused an event to occur in Arizona, out

of which the claims asserted in this Complaint arise. These Defendants knew or should have known that the infant car seat would be sold in interstate commerce and used in Arizona.

9. At the time of the events alleged in this complaint, JOHN DOE ARNENTA was employed by OBSON AUTO REPAIR and was acting within the course and scope of this employment.

10. On November 24, 2011, Plaintiff Brittany Roberson was operating a 1997 Mercury Mountaineer eastbound on Interstate 10 in La Paz County, Arizona.

11. Plaintiffs' minor son, Jaiden Dean Turner, was a passenger in his mother's vehicle and was riding in a GRACO infant car seat belted into the rear seat of his mother's vehicle. The GRACO infant car seat was manufactured and sold by Newell and GRACO as the "Snug Ride" infant car seat, model number 1758540. The infant car seat was manufactured on September 16, 2010. Jaiden Dean Turner was properly restrained in the infant car seat.

12. The vehicle in which Brittany Roberson and Jaiden Turner were riding experienced a sudden, unexpected and catastrophic failure in the rear axle causing the vehicle to swerve off the road and roll over. In the course of the rollover sequence of events, the seat portion of the GRACO Snug Ride infant car seat became detached from its base and Jaiden Dean Turner was ejected from the vehicle. As a result of the ejection, Jaiden Dean Turner was killed. At all times during the rollover and ejection sequence, Jaiden Dean Turner remained belted into the seat portion of the infant car seat, and the base of the car seat remained securely belted into the rear seat of the Mercury Mountaineer. The seat portion of the infant car seat became detached from its base during the rollover sequence solely because of the defective and unreasonably dangerous condition of the infant car seat.

13. On or about August 11, 2011, approximately three months before the November 24, 2011, accident, JOHN DOE ARNENTA and OBSON AUTO REPAIR performed repair and maintenance work on the Mountaineer, including work on the rear axle.

14. JOHN DOE ARNENTA and OBSON AUTO REPAIR owed Plaintiffs a duty of care to perform their repair and maintenance work in a non-negligent manner so as not to create an unreasonable risk of harm to Plaintiffs and foreseeable victims of negligent repair and maintenance work such as Jaiden Turner.

15. JOHN DOE ARNENTA and OBSON AUTO REPAIR failed to perform the repair and maintenance work on the Mountaineer consistent with the standard of care and in a non-negligent manner.

16. The negligent repair and maintenance work on the Mountaineer performed by JOHN DOE ARNENTA and OBSON AUTO REPAIR directly and proximately caused the accident on November 24, 2011.

17. JOHN DOE ARNENTA and OBSON AUTO REPAIR were negligent in the inspection, repair and/or maintenance of the said Mercury Mountaineer, and as a direct and proximate result of such negligence, Jaiden Dean Turner was killed.

18. Defendants Newell and GRACO were engaged in the business of manufacturing and selling the subject infant car seat and it manufactured and sold the subject infant car seat as described above.

19. Defendants Newell and GRACO sold the subject infant car seat in a defective condition, unreasonably dangerous to consumers, and the subject infant car seat was expected to and did reach the user of the subject infant car seat without substantial change in the condition in which it was sold.

20. Defendants Newell and GRACO negligently and defectively designed, manufactured, tested, inspected and/or assembled the subject infant car seat mentioned in this Complaint.

21. Defendants Newell and GRACO failed to exercise reasonable and prudent care in the testing, marketing and selling of this product, and sold the subject infant car seat in a condition that was unsafe for use. In addition, Defendants negligently failed to investigate or test adequately the subject infant car seat before offering it for sale. Defendants negligently failed to instruct and/or warn of the dangers of the subject infant car seat.

22. At the time of Jaiden Dean Turner's death, Defendants Newell and GRACO knew or should have known that there was an unreasonable risk of harm to be suffered by Plaintiffs and Jaiden Dean Turner or other similarly situated in the manner in which such harm did, in fact, occur.

23. Defendants Newell and GRACO's conduct constitutes deceptive acts or practices, fraudulent conduct, false promise, misrepresentation or concealment, and/or suppression or omission of material facts in connection with the advertisement and/or sale of merchandise.

24. Defendants Newell and GRACO's conduct was performed with the intent that Plaintiffs rely upon same.

25. As a result of Defendants' conduct, Plaintiffs have sustained foreseeable damages in an amount to be proven at trial.

26. Defendants Newell and GRACO knew, or should have known, the use for which the subject infant car seat was purchased. Defendants impliedly warranted that the subject infant car seat was fit for the purpose for which it was designed; that it was a safe and suitable infant car seat to be used by consumers, users or others, including, but

not limited to Brittany Roberson and Jaiden Dean Turner, and that it was fit for the purpose employed by Brittany Roberson.

27. In using the subject infant car seat, Brittany Roberson relied upon the Defendants Newell and GRACO's skill and judgment that the subject infant car seat was fit for such use.

28. The subject infant car seat was not fit for the intended purpose and as a result of Defendants Newell and GRACO's breach of the implied warranty of fitness and merchantability, Plaintiffs suffered damages as enumerated in this Complaint.

29. Defendants Newell and GRACO expressly warranted that the subject infant car seat was fit for the purpose for which it was designed; that it was a safe instrument to be used by consumers, users or others, including Brittany Roberson, and that it was fit and suitable for the use in fact made by Brittany Roberson.

30. In using the subject infant car seat, Brittany Roberson relied upon the skill and judgment and express warranty that the subject infant car seat was fit for such use.

31. The subject infant car seat was not fit for such use and, as a result of the breach of the express warranty of fitness and merchantability, Plaintiff suffered severe damages as enumerated in this Complaint. As a proximate result of these product defects, the negligence of Defendants, and the breaches of the express and implied warranties of fitness and merchantability, the seat portion of the subject infant car seat became detached from its base during a rollover sequence causing the death of Jaiden Dean Turner; Brittany Roberson suffered bodily injury, pain, suffering and emotional distress; Plaintiffs have incurred expenses for medical treatment; and Plaintiffs will incur additional medical expenses in the future.

32. As a further proximate result of these product defects, the negligence of Defendants, and the breach of the express and implied warranties of fitness and merchantability, Plaintiffs have suffered extreme mental anguish, sorrow, suffering and

shock from the death of Jaiden Dean Turner and have been deprived of the care, comfort, society, companionship and services of Jaiden Dean Turner.

33. The total amount of damages to Plaintiffs is presently unknown, but is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

A. For special damages, including medical expenses, funeral expenses and burial expenses in a total amount presently unknown but which amount will be proved at trial;

B. For general damages, including mental distress, and loss of love and companionship as determined by the trier of fact to be just and reasonable;

C. For Plaintiffs' costs incurred herein; and,

D. For such further and other relief as this Court may deem appropriate.

DATED this 15th day of April, 2014.

**GALLAGHER & KENNEDY, P.A.**

By _____
Raymond M. Norris
Lincoln Combs
2575 East Camelback Road
Phoenix, Arizona 85016
Attorneys for Plaintiff

///
///
///

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2014, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Phillip H. Stanfield
> Jonah Eric Rappazzo
> JONES SKELTON & HOCHULI, PLC
> 2901 N. Central Avenue, Suite 800
> Phoenix, Arizona 85012
> Attorneys for Defendants Newell Rubbermaid Inc.
> and Graco Children's Products, Inc.

*/s/ [signature]*

24429-0001/4162896