WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Renae Roberson, et al., | No. CV-14-00573-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Newell Rubbermaid Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' 28 U.S.C. § 1447(c) Motion to Remand. (Doc. 17). The Court now rules on the motion.

**I.    BACKGROUND**

Plaintiffs allege the following facts. In August 2011, Osbon Auto Repair, located in Glendale, Arizona, repaired the rear axle on Plaintiff Roberson's 1997 Mercury Mountaineer. (Doc. 17, Ex. D). On November 24, 2011, Plaintiff Roberson's 1997 Mercury Mountaineer experienced a rear axle failure causing the vehicle to swerve off the road and rollover. (Doc. 16 at 4). Plaintiffs' infant son was strapped in a Graco car seat. (*Id.*). The car seat detached from its base and was ejected from the vehicle. (*Id.*) Plaintiffs' son was killed. (Doc. 17 at 2).

On November 22, 2013, Plaintiffs filed a complaint in Maricopa County Superior Court against the manufacturers of the car seat, Defendant Newell Rubbermaid, Inc., and its subsidiary, Graco Children's Products, Inc. (collectively "Graco Defendants"). (Doc. 1, Ex. A at 3). Plaintiffs also named Osbon Auto Repair; the owner of Osbon Auto

1 Repair, Felipe De Jesus Sauceda and his wife, Jane Doe De Jesus Sauceda; and the
2 Osbon employee who worked on the vehicle, John Doe Arnenta and his wife, Jane Doe
3 Arnenta (collectively the "Osbon Defendants") as defendants. (*Id.*) When Plaintiffs filed
4 their complaint, Osbon Auto Repair was no longer in business, and Plaintiffs could not
5 locate any of the other Osbon Defendants for personal service. (Doc. 21 at 4). However,
6 with the state court's approval, Plaintiffs served the Osbon Defendants by publication of
7 the Complaint on April 5, 2014. (Doc. 17, Ex. B). On March 19, 2014, Graco Defendants
8 removed the matter to the United States District Court of Arizona, pursuant to 28 U.S.C.
9 §§ 1441 and 1446. (Doc. 1 at 1). Subsequently, Plaintiffs filed an amended complaint.
10 (Doc. 16). Plaintiffs now move to remand the matter to state court. (Doc. 17).

**II.     MOTION TO REMAND**

    **A.     Legal Standard**

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the United States district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute and disfavor removal jurisdiction. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the

burden of establishing that removal is proper." *Id.* If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

### B. Analysis

Plaintiffs assert that remand is proper because the Court lacks subject matter jurisdiction. (Doc. 17 at 2). Specifically, Plaintiffs argue that there are no claims arising under federal law and because "Arizona residents are on both sides of this case . . . removal based on diversity was improper." (*Id.*) In response, Graco Defendants make two arguments. First, they argue that removal is proper because it appears from the face of the Complaint that diversity jurisdiction exists. (Doc. 20 at 2). Alternatively, Graco Defendants contend that removal is proper because the Osbon Defendants were fraudulently joined to destroy diversity. (*Id.* at 4).

#### 1. Residency

Graco Defendants contend that because Plaintiffs have not been able to locate the Osbon Defendants, Plaintiffs have not established that the Osbon Defendants were Arizona residents when Plaintiffs filed their original complaint. (Doc. 20 at 2–3).

For the Court to have diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A defendant who is a citizen of a plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939); *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78 (9th Cir. 1979); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). It is immaterial whether the resident defendant is named or whether that defendant's true identity is known. *See Preaseau*, 591 F.2d at 78; *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir. 1981). On a motion to remand, the removing party has the burden of proving complete diversity. *Carson v. Dunham*, 121 U.S. 421, 425–46 (1887); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

1   Here, Graco Defendants assert that the Osbon Defendants are not Arizona citizens because Plaintiffs cannot locate them. (Doc. 20 at 2–3). However, Graco Defendants have not provided any legal authority for their conclusion. Moreover, case law indicates that a plaintiff's inability to serve, or even identify, a defendant does not preclude a finding a resident defendant is properly joined. *Pullman Co.*, 305 U.S. at 538 (1939); *Preaseau*, 591 F.2d at 78. Additionally, Plaintiffs, despite not having the burden of proof, have proven that they properly served the Osbon Defendants by publication, provided at least the known last name of each Osbon Defendant, and established that the Osbon Defendants' last known residence was in Arizona. Accordingly, Graco Defendants have not met their burden of proving that the Osbon Defendants are not Arizona residents.

### 2. Fraudulent Joinder

Alternatively, Graco Defendants argue that the Court nonetheless has diversity jurisdiction because Plaintiffs fraudulently joined the Osbon Defendants to defeat diversity jurisdiction. Specifically, Graco Defendants assert that Plaintiffs' original complaint "fails to state a plausible claim against the [Osbon] Defendants" and that the original, not the amended complaint, "is controlling for this Court's analysis of jurisdictional issues." (Doc. 20 at 4). In support of their argument, Graco Defendants state that Plaintiffs lack a cause of action against the Osbon Defendants because the police report taken after the incident states that Plaintiff Roberson's father, not the Osbon Defendant's worked on the vehicle's rear axle prior to the incident.

Fraudulent joinder is a "term of art." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a resident defendant is considered fraudulent, and courts ignore the defendant's presence in the lawsuit for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Courts resolve any doubt as to whether a plaintiff has stated a valid cause of action against the resident defendant in favor of the case being retained by the state court. *Albi v. St. & Smith Publ'ns*, 140 F.2d

310, 312 (9th Cir. 1944). A joinder is fraudulent only when the plaintiff does not have "a cause of action against the resident defendant, and has no reasonable ground for supposing he has," but joins him only to "evade the jurisdiction of the federal court." *Id.* As one court in this District acknowledged, a defendant asserting fraudulent joinder must demonstrate that the plaintiff does not have a "glimmer of hope" to establish a claim against the resident defendant. *Ballesteros v. Am. Standard Ins. Co. of Wis.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (quoting *Mayes v. Rapoport*, 198 F.3d 466 (4th Cir. 1999)).

While the court may only consider the original pleading to evaluate whether removal is proper[1], *see Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), for fraudulent joinder purposes, the court may look past the original pleadings. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (The court "will 'look only to a plaintiff's pleadings to determine removability'. . . . [However], where fraudulent joinder is an issue, we will go somewhat further.") (internal citations omitted). Accordingly, when a plaintiff files an amended complaint, a defendant asserting fraudulent joinder as a basis for removal must do more than show that the original complaint fails to state a claim against the resident defendant. *See Didyoung v. Allstate Ins. Co.*, 2012 WL 1983779, at *2 (D. Ariz. June 4, 2012); *Burris v. AT&T Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

Plaintiffs assert that they have properly pleaded negligence against the Osbon Defendants and thus, remand is appropriate. Under Arizona law, to establish negligence, a plaintiff must show (1) that the defendant had a duty to the plaintiff to conform to a certain standard of conduct, (2) the defendant failed to conform to that standard, (3) there is a reasonably close causal connection between the defendant's failure and the resulting injury, and (4) the plaintiff actually suffered damage or loss. *Gipson v. Kasey*, 150 P.3d 228, 231 ¶ 10 (Ariz. 2007); *Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983). In their

---

[1] Graco Defendant cites several cases in support of their contention that the Court must limit its analysis to the original complaint. (Doc. 20 at 4). However, none of the cases that Graco Defendants rely on discuss fraudulent joinder.

- 5 -

amended complaint, Plaintiffs assert that the Osbon Defendants owed them a duty to perform car repairs so as not to create an unreasonable risk of harm, the Osbon Defendants breached that duty, and the Osbon Defendants' breach caused Plaintiffs substantial injury and loss. (Doc. 16 at ¶¶ 13–17). Plaintiffs also presented the auto repair order showing that the Osbon Defendants preformed repairs on Plaintiff Roberson's vehicle shortly before the accident. (Doc. 17, Ex. D). The Graco Defendants, on the other hand, assert that Plaintiff Roberson's father was the last person to service the vehicle's rear axle, which makes it "clear that the [Osbon] Defendants are sham defendants who should be disregarded for the purposes of determining the existence of diversity jurisdiction." (Doc. 20 at 5).

The Court finds that Plaintiffs' pleading and evidence demonstrate that it is far from "obvious" that Plaintiffs cannot prevail against the Osbon Defendants. Plaintiffs have plead at least the basic elements of negligence, and simply offering conflicting evidence falls well short of showing that Plaintiffs have no "glimmer of hope" to prevail. Therefore, Graco Defendants have not established that the fraudulent joinder exception to complete diversity applies. Accordingly, removal is not proper in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court does not have federal question or diversity jurisdiction over this case. Because the Court lacks subject matter jurisdiction, it must remand pursuant to 28 U.S.C. § 1447(c). The Court will therefore grant Plaintiffs' Motion to Remand.

Accordingly,

\
\
\
\
\
\

1   **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 18) to Maricopa
2   Superior Court pursuant to 28 U.S.C. § 1447(c) is **GRANTED**.
3   **IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees, found in
4   Doc. 17, is not briefed adequately by either party for the Court to rule on at this time.
5   Accordingly, Plaintiffs may file a motion for an award of attorneys' fees pursuant to
6   Local Rule Civil 54.2 within 14 days.
7   Dated this 12th day of November, 2014.

James A. Teilborg
Senior United States District Judge